# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3971

_____

George William Oming,               *
                                    *
            Petitioner,             *
                                    *        Petition for Review of an Order of
      v.                            *        the Board of Immigration Appeals.
                                    *
John Ashcroft, Attorney General     *              [UNPUBLISHED]
of the United States,               *
                                    *
            Respondent.             *


_____

Submitted: December 17, 2004
Filed: January 25, 2005

_____

Before BYE, JOHN R. GIBSON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

George William Oming, a native and citizen of Uganda, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture.[1] Oming argues that the BIA violated its own regulatory procedure when it

_____

[1]In his petition for review, Oming refers to withholding of removal and the Convention Against Torture only three times. Two of the references simply indicate the Immigration Judge's denial of those applications and are found in sections

decided to employ the affirmance-without-opinion ("AWO") procedure in his case. We dismiss Oming's petition because we do not have jurisdiction to consider the issue he has raised.

On March 13, 2002, Oming was served with a notice to appear, charging that he was subject to removal for having remained in the United States longer than authorized. Oming conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture. The Immigration Judge ("IJ") denied Oming's application for asylum because Oming failed to establish that he filed the application within one year of arriving in the United States and failed to establish that he qualified for an exception to the one-year filing requirement. *See* 8 U.S.C. § 1158(a)(2)(B), (D). The IJ also denied Oming's applications for withholding of removal and protection under the Convention Against Torture because Oming failed to establish past persecution and failed to establish that it was more likely than not that he would be persecuted or tortured in Uganda. The BIA affirmed the IJ's decision using the AWO procedure.[2]

entitled "Case Summary and Request for Oral Argument" and "Statement of Case." The third reference is found in a section entitled "Jurisdiction." To the extent Oming attempts to challenge the denial of his applications for withholding of removal and protection under the Convention Against Torture, we hold that Oming has waived those issues on review. *See Chay-Velasquez v. Ashcroft*, 367 F.3d 751, 756 (8th Cir. 2004) (holding that petitioner waived claim for protection under the Convention Against Torture because there was no meaningful argument on the claim in his opening brief).

[2]Pursuant to 8 C.F.R. § 1003.1(e)(4)(i), the BIA member assigned to a case is required to employ the AWO procedure if the member determines that the result reached by the IJ was correct, that any errors by the IJ were harmless or nonmaterial, and that either "[t]he issues on appeal are squarely controlled by existing Board or federal court precedent and do not involve the application of precedent to a novel factual situation[,]" or "[t]he factual and legal issues raised on appeal are not so substantial that the case warrants the issuance of a written opinion in the case."

Oming asserts that the IJ's denial of his asylum application was based on alternative reviewable and non-reviewable grounds—specifically, the merits of his asylum claim and the timeliness of his application, respectively. Oming argues that we should remand to the BIA because use of the AWO procedure provided no guidance as to whether the BIA affirmed the IJ's decision on a reviewable or non-reviewable basis. Contrary to Oming's assertion, the administrative record clearly shows that the IJ denied Oming asylum solely based on the untimeliness of his application.

We agree with Respondent that we lack jurisdiction to review the BIA's decision to employ the AWO procedure in Oming's case. In *Ngure v. Ashcroft*, 367 F.3d 975, 983 (8th Cir. 2004), *reh'g and reh'g en banc denied*, No. 02-3879 (8th Cir. Sept. 1, 2004), we held that "the BIA's decision whether to employ the AWO procedure in a particular case is committed to agency discretion and not subject to judicial review."

Accordingly, we dismiss Oming's petition for review.

_____